**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| James Richard Passmore, | ) | C/A No. 6:26-cv-01160-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ernest Michael Patrick O'Brien, Sr., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**BACKGROUND**

Plaintiff James Richard Passmore, a pretrial detainee proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 against Defendant Ernest Michael Patrick O'Brien, Sr., a Greenville County magistrate judge, based on actions taken during the performance of his judicial duties in connection with state criminal charges that are still pending against Plaintiff. (ECF No. 1). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this matter were referred to a United States Magistrate Judge. Now before the court is the magistrate judge's Report and Recommendation (the "Report") recommending the dismissal of this action (ECF No. 8) as well as Defendant's objections to the Report (ECF No. 11).

According to the complaint, Plaintiff was arrested on January 18, 2026, on state drug manufacturing and trafficking charges. (ECF No. 1). Plaintiff claims he was deprived of various constitutional rights because the arrest warrants in his case were signed by Defendant who is not a neutral and detached magistrate. *Id*. at 5. Plaintiff asks this court to intervene in the state proceedings and order "a proper probable cause determination in front of a neutral and detached magistrate." *Id*. at 5.

In the Report, the magistrate judge concluded that this action should be dismissed on two grounds. First, the magistrate judge determined that because Plaintiff is requesting that the court involve itself in ongoing, pending state criminal proceedings, the court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 8 at 3–4). Second, the magistrate judge concluded that Defendant is entitled to absolute judicial immunity against the claims asserted in this action. *Id*. at 4–5. Accordingly, the Report recommends that the court dismiss this action without prejudice, without leave to amend, and without issuance and service of process. *Id*. at 6.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas*, LLC, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the

2

magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). Accordingly, "when reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a pro se party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

## DISCUSSION

As noted, Plaintiff filed objections to the Report. He objects on essentially two grounds. Plaintiff first objects to the magistrate judge's determination that Defendant is entitled to judicial immunity, setting forth all of the reasons that Plaintiff believes reflect that Defendant is not "neutral and detached" in the constitutional sense—for example, the fact that Defendant's office is allegedly located in the same building as law enforcement. (ECF No. 11 at 3). These arguments miss the point. Judicial immunity is "justified and defined by the *functions* it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227, *superseded by statute on*

*other grounds as stated in Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004); *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023) ("Judicial immunity does not protect *judges* so much as it protects the judicial acts they undertake as part of their public service; it is defined by the *functions* it protects and serves, not by the person to whom it attaches." (internal quotation marks omitted)).  Because issuing a warrant is unquestionably a judicial act within the subject matter jurisdiction of Defendant, the court agrees with the magistrate judge that Defendant is entitled to judicial immunity here. *See, e.g., Benson v. O'Brien*, 67 F. Supp. 2d 825, 831 (N.D. Ohio 1999) (finding "[t]he issuance of a warrant falls within the realm of judicial acts" and that "[b]ecause issuing a warrant is a function normally performed by a judge, absolute immunity should be granted to the judicial defendants") (internal quotation marks omitted)).  This objection is overruled.

Plaintiff also objects to the magistrate judge's application of the *Younger* Abstention Doctrine based primarily, it appears, on the bad faith exception to the *Younger* Doctrine. (ECF No. 11 at 5).  "To prevail under the bad faith exception, the [plaintiff] must show 'a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" *See Wood v. Olejasz*, No. 1:21-cv-103, 2021 WL 4450270, at *3 (N.D.W. Va. Aug. 10, 2021) (quoting *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986)).  This is no easy task.  "It is Plaintiff's 'heavy burden to overcome the bar' of the *Younger* abstention doctrine by setting forth more than 'mere allegations of bad faith or harassment.'" *Salartash v. Chaudhry*, No. 3:25-cv-4 (RCY), 2025 WL 711960, at *7 (E.D. Va. March 5, 2025) (quoting *Gilbert v. N. Carolina State Bar*, 660 F. Supp. 2d 636, 644 (E.D.N.C. 2009)). *See also Erie Ins. Exch. v. Maryland Ins. Admin.*, 105 F.4th 145, 153 n.3 (4th Cir. 2024) (noting "'there is no case since *Younger* was decided in which the Supreme Court has found' the [bad faith] *Younger* exception 'was applicable'") (quoting 17B Charles Alan

4

Wright & Arthur R. Miller, Federal Practice and Procedure § 4255 (3d ed. 2023)).  Plaintiff fails to set forth sufficient allegations to warrant the application of this exception.  The court agrees with the magistrate judge that there are ongoing state judicial proceedings that implicate important state interests and that there is an adequate opportunity to raise Plaintiff's constitutional claims in those proceedings.  Plaintiff fails to identify any basis for this court to reject the magistrate judge's analysis and conclusions with respect to the *Younger* abstention doctrine. This objection is overruled as well.

**CONCLUSION**

Having carefully conducted a *de novo* review in this action, the court adopts the Report (ECF No. 8) and incorporates it fully herein.  Accordingly, the court **DISMISSES** this action without prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED**.

s/Timothy M. Cain_____
Chief United States District Judge

June 2, 2026
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.